Froun *v.* Davis *et al.*

No. 11,594.

FROUN *v.* DAVIS ET AL.

PARTNERSHIP.—*Contract by One Member.*—*Liability of Firm.*—A contract by one partner to pay an employee stipulated wages binds such partners to pay for such services as may thereafter be rendered under such contract, though some of such services were rendered after a third person had become a co-partner in carrying on the business of the firm.

SAME.—*Evidence.*—*Payment.*—*New Trial.*—As the formation of such firm constitutes no defence for services thereafter rendered under such contract, and where, in an action therefor, under a plea of payment, the evidence fails to show that the services had been fully paid, a new trial will be granted.

INSTRUCTION.—*Harmless Error.*—An erroneous instruction, if harmless, will not warrant a reversal of the judgment.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown,* for appellant.
*C. S. Hernly* and *H. Brown,* for appellees.

BEST, C.—The appellant sued the appellees as partners under the firm name of " Davis Bros.," before a justice of the peace, alleging in his complaint that they were indebted to him in the sum of $200, a balance due him for services rendered them from June 20th, 1882, to May 23d, 1883, under the following contract :

"Article of agreement between Davis Bros. of the first part, and John Froun of the second part, witnesseth : 1st. Said Davis Bros. agree to furnish said Froun steady work at two and one half dollars per day as long as they continue in the bent wood business, and, in case the business warrants it, increase said wages to three dollars. 2d. And said John Froun agrees to work for said Davis Bros. at said price, furnish his patterns for forms for bending, use his influence and have general charge of said bent wood business. 3d. In witness whereof, the said parties have hereunto set their names this 20th day of June, 1882. DAVIS BROS.
" JOHN A. FROUN."

Judgment was rendered by the justice for $176.30 ; an appeal was taken by the appellees to the circuit court, a trial had and a judgment rendered for $50.    A motion for a new trial by the appellant was overruled, and this ruling is assigned as error.

This motion embraced many causes.    Among them it was averred that the amount of the recovery was too small, that the verdict was contrary to the evidence, and that the court misdirected the jury.

The evidence is in the record by bill of exceptions, and the appellant's testimony shows that the appellees were engaged in the " bent wood business ; " that under and in pursuance of said contract, he entered their service on the 22d day of June, 1882, and continued in such employment until the 23d day of May, 1883.    This made for him a *prima facie* case, and imposed upon them the burthen of successfully disputing it or overcoming it with an affirmative defence.    The latter was not seriously attempted, but the former is claimed.    The fact that the appellant continued in such employment is not disputed, but the appellees insist that on the 13th day of July, 1883, they sold an interest in their business to one Leander Harvey, formed a partnership with him, and thereafter carried on such business under the name of " Harvey & Davis Bros.," of which the appellant had notice, and by reason of such fact the appellant only continued in their service under such contract until the formation of such partnership, and that thereafter he was in the service of such new firm, to whom he must look for services thereafter rendered.    The evidence tended to show that the appellees, on the 13th day of July, 1882, sold one-third interest in their business to Harvey, formed a partnership with him, and thereafter carried on the business under the new firm name.    No change was otherwise made ; Harvey did not assume any control, nor did he in any manner participate in the transaction of the business. Thereafter, as before, the appellees managed the business, and the appellant continued to render his services under said con-

tract as though no change had been made. In support of the appellees' theory, the court instructed the jury that if Harvey became a partner after the execution of the contract, and the appellant was notified or had knowledge of such change, he could not recover in this action for any services thereafter rendered. This was wrong. The appellant was not compelled to look to such new firm. The services were rendered under a contract with the appellees, and the mere fact, that some of them were rendered after another had acquired an interest in the business, neither cancelled the contract nor absolved the appellees from its obligations. The fact that the firm received the benefit of his labor did not necessarily render him its creditor, as one may legally obligate himself to pay for services rendered another. If the services were rendered under the contract, the appellees are liable for them, and it is wholly immaterial for whom they were rendered. The evidence strongly tends to show that all these services were not only rendered, but were received under such contract, and the mere fact of such subsequent partnership forms no obstacle to a complete recovery in this action.

The instruction, however, did not, as it seems to, injure the appellant. He concedes that he has received $464.30 upon his services, and this is largely in excess of any sum due at the time of the formation of such partnership. As the jury found for him in the sum of $50, it is manifest that they found that no such firm had been formed, or else they disregarded the instruction. In either event, of course, it did him no injury.

Upon the assumption that no such firm was formed, the verdict is contrary to the evidence, as it fails to show that the services in excess of $464.30 had been paid. In the first week of January, 1883, there was due the appellant, according to the appellees' own version of the matter, $95, and thereafter he was paid by checks, January 24th, $130, March 31st, $32, and May 21st, $6.50. This was all that was paid him, according to this record, though he continued to serve them under such contract until the 23d of May thereafter. It is

true that the last check reads " in full of account to date," but this, at most, is a mere receipt, that can not control the facts, especially as the appellant's attention was not called to this clause, nor did he notice it when he accepted the check. This defence does not, therefore, appear to have been established. As the formation of the new firm did not constitute a defence, and as payment, the only other defence interposed, was not shown, the appellant was entitled to a new trial, and for the error in refusing him one the judgment should be reversed.

PER CURIAM.—It is therefore ordered that the judgment be reversed, at the appellees' costs, with instructions to grant the appellant a new trial.

Filed Oct. 9, 1884.